PROB 12C
(Revised 8/00)

RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 7/23/15
BY Dm

# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF LOUISIANA

### Petition for Warrant or Summons for Offender Under Supervision

6:15mj74

Name of Offender: Joseph Mathew Evans    Case Number: 5:10-CR-00168-01

Name of Sentencing Judicial Officer: The Honorable Tom Stagg, U.S. District Judge

Date of Original Sentence: May 25, 2011

Original Offense: Count Ten - Wire Fraud

Original Sentence: Sixty (60) months Bureau of Prisons, to be followed by a period of five (5) years supervised release.

Type of Supervision: Supervised Release    Date Supervision Commenced: January 21, 2015

AUSA: To be assigned    Defense Attorney: Charles H. Kammer, III (Appointed)

---

## PETITIONING THE COURT

TO ISSUE A WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION**                          **NATURE OF NONCOMPLIANCE**

**Mandatory Condition # 2**    The defendant shall not commit another federal, state or local crime.

The defendant committed a violation of 18 U.S.C. § 1001, False Statements, a Class E felony punishable by up to 5 years imprisonment, as he submitted false Monthly Supervision Reports during the months of May and June 2015.

On May 15, 2015, the defendant submitted a monthly supervision report whereby he reported being employed by Associated Engineering, in Minden, Louisiana, since May 13, 2015, while further reporting his monthly income as $2,083.33. However, on July 21, 2015, contact was made with the owner of this business, Doug McKinley, who stated the defendant had never been hired by this company. Mr. McKinley did indicate the defendant had approached him regarding a business proposal in May 2015, whereby the defendant represented himself as being the executive director of Titan Global Corporation. McKinley stated the defendant proposed a business deal

PROB 12C
Evans, Joseph M.

**Standard**
**Condition # 2**         **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

See above-noted violations regarding the defendant providing false information as to his employment status.

**Standard**
**Condition # 3**         **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

See above noted violations concerning the defendant providing false information to this officer regarding his employment status, even after being questioned regarding this matter again on July 18, 2015, in the probation office.

See below violations regarding the defendant's special conditions of supervision, which outline the defendant's failure to follow this officer's instructions regarding these conditions.

On July 18, 2015, the defendant reported to the office and was questioned regarding his failure to make payments towards his restitution obligation, as previously instructed. The defendant claimed that he had made two payments in May 2015, totaling $625.00, but was advised that only one payment had been received on May 26, 2015, in the amount of $312.50. The defendant remained adamant that he had submitted both payments to the U.S. District Clerk's Office, and was directed to speak with a representative in the Clerk's Office to obtain a receipt for said missing payment. The defendant subsequently returned to the office and advised the Clerk's Office had not received this payment, but he would provide proof this payment had been submitted. However, as of this date, the defendant has not submitted any documentation which would support his assertion of two payments having been made towards this obligation.

The defendant further violated this condition through his failure to provide financial documentation as requested by this officer. On July 21, 2015, instructions were left through the defendant's mother, Judy Davis, for him to report to the office on July 22, 2015, at 9:00 a.m., in order to provide copies of his current bank statements. On the morning of July 22, 2015, a message was left by the defendant acknowledging that he had received the message regarding his bank statements. However, the defendant failed to report to the office as instructed.

The defendant further violated this condition through his failure to pay child support, as outlined below.

PROB 12C
Evans, Joseph M.

| | |
|---|---|
| **Standard Condition # 4** | **The defendant shall support his or her dependants and meet other family responsibilities.** |
| | On July 22, 2015, the defendant's ex-wife, Haley Reggio, returned this officer's call and was questioned regarding the status of the defendant's child support payments. Reggio informed that since the defendant was released from imprisonment, she had only received one child support payment from the defendant on June 8, 2015, in the amount of $548.33. Reggio further advised the defendant is delinquent with these payments, and was ordered to appear before the Court in Bossier Parish, Louisiana, on July 21, 2015, to address this delinquency. Additionally, this report will be updated regarding the status of this case, once further information pertaining to this matter is obtained. |
| **Standard Condition # 5** | **The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.** |
| | As indicated in the above-noted violation, the defendant has not gained employment as previously directed by this officer. However, the defendant did submit false information on his last two monthly supervision reports, which were submitted in May and June 2015, whereby he reported working for companies who had never actually hired the defendant. |
| **Special Condition #1** | **The defendant shall be subject to financial disclosure throughout the period of supervised release, and shall provide U.S. Probation with all requested financial documentation. The defendant shall report all household income to U.S. Probation as requested.** |
| | As indicated in the above-noted violation, the defendant failed to report to the probation office or provide copies of his bank statements, as directed by this officer on July 21, 2015. |
| **Special Condition #2** | **The defendant shall pay restitution in the amount of $37,826.55, at a rate of not less than 15% of the defendant's gross monthly income. Payment shall also begin not less than 30 days from the defendant's release from imprisonment.** |
| | On January 23, 2015, the defendant reported to the office for his initial intake, and was instructed regarding the terms and conditions of his |

supervision. The defendant was instructed to pay not less than 15% of his gross monthly income, and was further advised that payments must begin within 30 days of that date. The defendant was also referred to Goodwill Employment Solutions for employment assistance, and was instructed to actively seek employment until gained. However, as of this date, the defendant has only submitted one payment in the amount of $312.50, which was submitted on May 26, 2015.

**Added Special Condition #1**

**The defendant may only seek employment with established, properly licensed and insured companies, and shall not participate in any form of employment where the defendant would be considered self-employed.**

On July 17, 2015, this officer received notification from a representative with Scott Equipment, Kenny Coleman, who reported that the defendant represented himself as being the executive director of Titan Global Corporation. The defendant subsequently made this same representation to Doug McKinley, with Associated Engineering, which ultimately resulted in a loss of $5,000 to McKinley. Additionally, this loss was directly attributable to the fraudulent representations and subsequent threats of legal actions made by the defendant to McKinley. Furthermore, the defendant solicited work through Steven McKinley, of Webster Machine Works, through his request to work as an independent contract salesperson for this company. Accordingly, the defendant violated this condition through his false representations to the above noted business representatives, whereby the defendant attempted to lead all of the above parties to believe he either worked as an independent contractor, or he provided services under the umbrella of a fictitious company. Finally, the sole intent of this condition when added was to ensure the defendant gained employment with an established, reputable company, in an attempt to prevent the defendant from perpetrating this very type of fraudulent activity.

**Added Special Condition #2**

**The defendant shall not maintain or establish, through the Louisiana Secretary of State or elsewhere, any Domestic Corporations, Domestic Limited Liability Corporations, Domestic Partnerships, Foreign Corporations, Foreign Limited Liability Companies, Foreign Partnerships, Limited Liability Partnerships, Trade Names, Trademarks or Service Marks. The defendant shall further terminate immediately any Corporations, Partnerships, Companies, Trade Names, Trademarks or Service Marks determined to be active at this time, if applicable.**

The defendant violated this condition through his false representations to Doug McKinley, of Associated Engineering, and Kenny Coleman, of Scott Equipment, that he was the executive director of Titan Global Corporation, which appears to be a fictitious company. Additionally, the defendant provided a business card to Coleman, which identified himself as the executive director of Titan Global.

requiring a $25,000 investment fee, for which McKinley initially agreed. However, following McKinley completing a further check into the legitimacy of the defendant's business deal, he subsequently stopped payment on this check before the defendant was able to cash it. McKinley stated this action was followed by numerous threats of criminal charges and lawsuits, which the defendant indicated he planned to file against McKinley unless the funds were released from McKinley's bank account. McKinley stated that following further consultation with his attorney, Paul Kitchens, he ultimately paid the defendant $5,000 for the purpose of stopping this harassment. McKinley stated he is also planning to file criminal charges against the defendant, but has not done so as of this date.

On June 15, 2015, the defendant submitted a subsequent monthly supervision report, whereby he listed being employed by Webster Machine Works, in Minden, Louisiana. The defendant further indicated a start date of May 15, 2010, for this employment, while further reporting his gross monthly income from this employment as $2,500. However, upon contacting the owner of this business, Steven McKinley, it was learned the defendant had never been hired by this company. McKinley, who is also the brother of Doug McKinley who is noted above, stated the defendant had contacted him regarding a business deal, whereby he requested to work as an independent contract salesperson for Webster Machine Works. McKinley stated he advised the defendant that two other salespersons were already on his staff, and that his business had no openings at that time. It was further indicated by McKinley he felt the defendant's proposal sounded highly suspicious, and that he had no intention of doing business with the defendant.

On July 19, 2015, the defendant reported to the office as instructed, to discuss this matter further. The defendant denied any wrongdoing, and continued to assert that he was employed by Webster Machine Works as indicated on his monthly supervision report. The defendant further advised that he had even maintained a list of companies he had been in contact with, while attempting to make sales for Webster Machine Works. The defendant was then instructed to provide a copy of this list to this officer, which was submitted later this same date. Contact was subsequently made with a representative of Scott Equipment, Kenny Coleman, whose contact information was included on the defendant's list. Coleman advised that the defendant had been in contact with him on two separate occasions, in an attempt to solicit business from Scott Equipment. Coleman subsequently provided a copy of an email and business card submitted to him by the defendant, both of which are attached to this petition, whereby the defendant represented himself as the Executive Director of Titan Global Corporation, located at 401 Congress Avenue, in Austin, Texas. The defendant further represented to McKinley that his company had bought out Webster Machine Works, but Coleman had no further contact with the defendant following his last meeting with him on June 8, 2015.

PROB 12C
Evans, Joseph M.

**Added Special
Condition #4**   The defendant shall not maintain more than one (1) email account, for legitimate personal communication purposes only, and shall immediately deactivate any and all other email accounts which were in any way tied to the defendant's prior business-related ventures.

The defendant violated this condition through his representation on a fraudulent business card, whereby he was identified as the executive director of Titan Global Corporation, which also included an unauthorized email address for the defendant of jevans@thetitangroupltd.com.

**U.S. Probation Officer Recommendation and Justification:**

While on supervision, the defendant has continued to involve himself in fraudulent criminal activities. Therefore, it is recommended the Court issue a <u>Warrant</u> for Joseph M. Evans to appear before the Court and show cause why his period of supervised release should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted:                    Reviewed and approved:

_/s/ Steven E. McNeill_                    _/s/ Karen W. Lee_  7/22/15

Steven E. McNeill                          Karen W. Lee, Supervising
U.S. Probation Officer                     U.S. Probation Officer

July 22, 2015

---

**THE COURT ORDERS:**

[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

_____          7/21/15
U.S. District Judge                       Date

RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 7/23/15
BY DM

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 10-CR-00168-01 |
| VERSUS | U.S. DISTRICT JUDGE |
| JOSEPH MATHEW EVANS | MAGISTRATE JUDGE HORNSBY |

\* \* \* \*

**ORDER**

Considering the recommendation of the Probation Officer on the Petition on Probation and Supervised Release,

**IT IS ORDERED** that a warrant be issued for <u>Joseph Mathew Evans</u>, and upon execution of same, the defendant shall appear before the Court with counsel to show cause, if any he can, why his supervision should not be revoked.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 21st day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 7/23/15
BY: DM
TO: Mudrick
    Kammer
    L. Rambo

Joseph M. Evans
5407 Shasta Drive
Bossier City, LA 71112
318-752-2266

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of Louisiana

RECEIVED
2015 JUL 24 AM 8 14
SHREVEPORT
WESTERN DISTRICT
OF LOUISIANA

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JOSEPH MATTHEW EVANS | ) | Case No. 10-CR-00168-01 |
| 5407 SHASTA DRIVE | ) | |
| BOSSIER CITY, LA 71112 | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* JOSEPH MATTHEW EVANS,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☑ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:
18 U.S.C. sEC. 1343 Wire Fraud

Date: 07/23/2015

*Issuing officer's signature*

City and state: Shreveport, LA

Denise McDonnell, Deputy Clerk
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

*Arresting officer's signature*

*Printed name and title*